IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARLENE MCADAMS,** *Plaintiff,* v. **UNITED STATES OF AMERICA,** *Defendant.* | **CIVIL ACTION NO. 2:23-cv-00580-MMB** |

MEMORANDUM

**BAYLSON, J.**                                                                                             August 21, 2022

## I. INTRODUCTION

This case was brought by Plaintiff Arlene McAdams, in which she alleges she sustained injuries when she tripped on a sidewalk on Pier F of the Philadelphia Navy Yard Annex, an area of property owned by the United States and dedicated to berthing inactive ships of the U.S. Navy. Defendant, the United States, has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks jurisdiction to proceed with this case under the Federal Tort Claims Act's discretionary function exception.

Based on the reasons set forth below, and because the fruit of further discovery may change the outcome of this issue, the Court will deny Defendant's motion without prejudice.

## II. FACTS AND PROCEDURAL HISTORY

These are the facts of this case as alleged by Plaintiff in her Complaint. See Compl. (ECF No. 1). On June 3, 2020, Plaintiff was "a lawful pedestrian on Defendant's property." Id. at 2.[1] While there, she fell on the ground because she came "in contact" with a "dangerous and

---

[1] The Court implores Plaintiff to insert page numbers in all of her future filings for the benefit of the Court, opposing counsel, and everyone else involved in this case. The same goes for Defendant.

1

defective condition," which caused her injuries for which she seeks tort damages. Id. Plaintiff alleges that the defect was "an un-even and/or un-level and/or broken and/or deteriorated walkway/street" that was located "at or near 4600 South Broad Street" in Philadelphia. Id. at 2. Plaintiff alleges that her injuries were the result of negligence on behalf of Defendant. Id.

This case is the second of two lawsuits brought by Plaintiff related to the same alleged incident. Plaintiff brought her first lawsuit on May 27, 2022 against the United States and several private parties—the Court dismissed the United States without prejudice as defendant in that case for procedural reasons, after which the entire case was dismissed for lack of jurisdiction. See Order, McAdams v. Philadelphia Naval Yard, et al., No. 22-2087 (E.D. Pa. Dec. 16, 2022), ECF No. 26 (dismissing the United States); Order, McAdams v. Philadelphia Naval Yard, et al., No. 22-2087 (E.D. Pa. Apr. 4, 2023), ECF No. 36 (dismissing the case). On February 15, 2023, Plaintiff brought this second lawsuit against the United States as sole defendant. On April 24, 2023, the Defendant filed this Motion to Dismiss for Lack of Jurisdiction. On May 3, 2023, Plaintiff filed her Response in Opposition, and a day later Defendant filed its Reply.

### III. DISCUSSION

#### A. Legal Standard

"A court 'must grant' a Rule 12(b)(1) 'motion to dismiss if it lacks subject-matter jurisdiction to hear the claim.'" Singleton v. Jas Automotive LLC, 378 F.Supp.3d 334, 341-42 (E.D. Pa. 2019) (Baylson, J.) (citing In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012)). "The United States has the burden of proving the applicability of the discretionary function exception." Cestonaro v. United States, 211 F.3d 749, 756 n.5 (3d Cir. 2000). The Court may consider affidavits and other filings outside of the

four corners of the Complaint in coming to its conclusions.  See Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) ("Because the Navy's motion was not merely a facial challenge to the district court's jurisdiction, the court was not confined to allegations in the plaintiff's complaint, but could consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction.").  Therefore, "a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd., 836 F.3d 261, 268 (3d Cir. 2016).

### B.  The FTCA's Discretionary Function Exception

Under the Federal Tort Claims Act ("FTCA"), the United States waives sovereign immunity "for torts committed by its employees acting within the scope of their employment. See Nat'l Railroad Passenger Corp. v. URS Corp., 528 F.Supp.2d 525, 530 (E.D. Pa. 2007) (Baylson, J.).

However, the FTCA contains exceptions to this waiver, which, if applicable, will strip the federal courts of subject matter jurisdiction for excepted claims.  One such exception is known as the "discretionary function exception."  This exception "places a limitation on [] waiver by eliminating jurisdiction over 'claims based upon the exercise of a discretionary function on the part of an employee of the government.'" F.E.I v. United States, 409 F.Supp.3d 305, 317 (M.D. Pa. 2019) (quoting 28 U.S.C. § 2680(a)).

"Courts make two-part inquiries to determine whether the discretionary function exception applies in any particular case." Merando v. United States, 517 F.3d 160, 164 (3d Cir. 2008).  "First, a court must determine whether the act giving rise to the alleged injury and thus the suit involves an 'element of judgment or choice.'" Id. (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)).  "Second, even if the challenged conduct involves an element of

judgment, the court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield." Id. at 165 (internal quotations omitted).

### C. Maintaining Walkways On Navy Property Does Not Fall Under the Discretionary Function Exception

Whether an FTCA claim involves an element of judgment or choice hinges on "whether a statute, regulation, or policy" dictated the complained of conduct, which in this case the parties agree was the "maintenance of the surface of Pier F" at the site of the alleged injury. Merando, 517 F.3d at 168; Plf. Resp. at 9.  If not dictated by policy, then by definition the conduct was discretionary, triggering the exception. See United States v. Gaubert, 499 U.S. 315, 322 (1991) ("The requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy specifically proscribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive.") (internal quotations omitted).

Defendant argues that the maintenance of surfaces on Navy property is naturally discretionary given that "Congress explicitly delegated to the Secretary of the Navy the discretion to determine how to maintain Naval installations," and cites to two statutes in support, 10 U.S.C. 2811(a) and 10 U.S.C. § 2805.  Mot. at 10.  Defendant argues that "no regulation or policy mandates how the surface of Pier F should be maintained or whether a warning is required."  Id.  Defendant also argues that Plaintiff's failure to reference any statute or regulation restricting the Navy's discretion is dispositive, however it is the United States' burden to show that the discretionary function exception applies.  See supra Cestonaro, 211 F.3d at 756 n.5.

Plaintiff counters by emphasizing statements from one of the Navy official affidavits submitted by Defendant as evidence that "established policy" requires that "the Philadelphia Navy Yard is to be inspected every five years" and that these inspections yielded the need for protective improvements or repairs.

4

Defendant's reference to a duo of statutes concerning the general repair of military facilities is in the right ballpark and the use of the word "may" in Section 2811's description of the Secretary's authority concerning maintenance of facilities sounds in discretion, not policy dictation.  See 10 U.S.C. § 2811(a) ("Using funds available to the Secretary concerned for operation and maintenance, the Secretary concerned may carry out repair projects for an entire single-purpose facility or one or more functional areas of a multipurpose facility.").  In the absence of a "specifically proscribe[d] course of action," the first prong of the exception is triggered.  Gaubert, 499 U.S. at 322.

The Court also reviewed the three affidavits submitted by Defendant attached to its responsive briefing.  Each affidavit consists of sworn statements from Navy officials involved in the administration of the facilities and works of the Philadelphia Navy Yard.  Cmdr. Caudle stated that they employ "a condition-based maintenance assessment philosophy" that calls for "technicians [to] regularly inspect and maintain equipment and report their findings."  Ex. A, Mot. ("Caudle Aff..") at 3.  "When a surface area (or any location) within the [Navy Yard] is identified as possibly in need of repair, I determine whether and how to make the repair by making a condition-based assessment of the location identified compared with other trouble spots."  Id. at 4.  Cmdr. Caudle also stated the factors she considers when deciding "whether and how to make the repair" which basically revolve around the risk created and the priority and need of repair.  Id.  Capt. Thomas stated in his affidavit that, as Installation Commanding Officer for the Naval Yard, he is responsible for infrastructure maintenance and must "evaluate the risk, the cost of repair, and the nexus to the mission and goals of the site" when it comes to facility maintenance.  Ex. B, Mot. ("Thomas Aff.") at 3.  Dir. Harding in his affidavit stated essentially the same as Caudle and Thomas, that as a director of public works for the City of Philadelphia he

5

must consider certain factors in this situation. Ex. C, Mot. ("Harding Aff.") at 2. The Court does not find persuasive the "consideration of factors" argument that Defendant has attempted to argue to the Court through these submissions. The question is not whether government officials are obligated to exercise a review and analysis of the potential defect to decide whether to repair, as such a review would be necessary even for the "must fund projects of imminent danger" that Cmdr. Caudle described in her affidavit. Rather, the question is whether a policy or law specifically requires the repair of defective surfaces on Pier F when discovered, which is absent here. See Smith v. Johns-Manville Corp., 795 F.2d 301, 308-09 (3d Cir. 1986) ("The test is not whether the government actually considered each possible alternative in the universe of options, but whether the conduct was of the type associated with the exercise of official discretion.").

With the first prong satisfied, the Court must then consider whether the challenged action or inaction "is of the kind that the discretionary function exception was designed to shield." Berkovitz, 486 U.S. at 536. In consideration of this second prong, the "discretionary function exception insulates the government from liability if the action . . . involves the permissible exercise of policy judgment." Id. at 537. "[F]or a plaintiff's claim to survive, the challenged actions cannot 'be grounded in the policy of the regulatory regime.'" Gotha, 115 F.3d at 395-96 (quoting Gaubert, 499 U.S. at 325).

In Gotha, a case brought under the FTCA, the plaintiff injured her ankle while delivering material to an office trailer on an unpaved path at night on U.S. Navy property. Gotha v. United States, 115 F.3d 176, 178 (3d Cir. 1997). The Third Circuit held that the discretionary function exception was not applicable in large part because "the action or inaction goes more to the issue of negligence rather than whether the issue of policy discretion is implicated." Id. at 397.

6

Here, Plaintiff's allegations echo the same, sounding in negligence (the walkway was defective and so caused Plaintiff to fall) rather than policy discretion (the Navy's policy is to deprioritize repairing defective walkways).  Additionally, unlike in Gotha, and weighing in favor of Plaintiff, Plaintiff here alleges a structural defect in the surface of Pier F that appears to consist of broken ground in need of repair, rather than a defect in need of a substantial improvement, like the addition of a railing, lights, or paving.  See Ex. A, Compl.  The type of negligence alleged here "would only require the Government to take garden-variety remedial steps, [for which] the discretionary function exception does not apply." S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 338 (3d Cir. 2012).  Denying application of the exception here furthers the purpose of the FTCA, for "if the discretionary function exception is given an overly broad construction, it could easily swallow the FTCA's general waiver of sovereign immunity and frustrate the purpose of the statute." Id.

As for the affidavits submitted by Defendant, the sort of policy discretion described by those officials are too broad to support its position, which was similar to what the Gotha court held in regard to the defendant's affidavits in that case: "[T]he Navy's proffered reasons are of such general application as to provide no assistance in determining whether the discretionary function exception fits the situation here." Gotha, 115 F.3d at 399.[2]  Furthermore, the statutes Defendant references do not support a policy preference against walkway maintenance.

---

[2] The Court agrees with the sentiment from Gotha that by invoking the discretionary function exception for a slip-and-fall case, the Navy is attempting to use a Tomahawk cruise missile to oust a house fly.  "Certainly there is a distinction between contracting for the delivery of a weapons system costing millions or billions of dollars, and the material and labor costs of a few hundred dollars to construct a set of wooden steps, or even less expenditures of erecting a barricade and directing personnel to use alternate routes." Gotha, 115 F.3d at 398-99.

Defendant argues that cases like Gotha, where the court took into account whether the government was on notice of a specific hazard, should not apply here where the Navy officials testified in their affidavits that they were not on notice as to the defective walkway. See S.R.P., 676 F.3d at 342 ("The key question under Gotha and Cestonaro is not whether the Government was aware of danger in the most general sense, but whether it was on notice of a specific hazard."). The Court finds that Plaintiff has sufficiently pleaded that Defendant was on notice for this specific hazard, and that Plaintiff's case is consistent with the holding in S.R.P. Indeed, the picture supplied by Plaintiff appears to show orange traffic cones in the vicinity of the allegedly defective walkway. Ex. A, Compl.

This is not the first time this Court has held the discretionary function exception inapplicable under similar facts. See Menkin v. United States, 99 F.Supp.3d 577 (E.D. Pa. 2015) (elderly woman fell while proceeding through a TSA checkpoint in an airport).[3] Nor is it the first time a slip-and-fall case has proceeded to discovery in the federal courts. See American Exchange Bank of Madison, Wisconsin v. United States, 257 F.2d 938 (7th Cir. 1958) (slip-and-fall on the steps of a post office); Broder v. United States, No. 22-0037, 2022 WL 17721054 (E.D. Pa. Dec. 15, 2022) (Baylson, J.) (slip-and-fall inside of a post office).

---

[3] Defendant argues that the Court should grant its Motion based on the Third Circuit's holding in S.R.P., where a boy suffered serious injuries after being bitten by a barracuda on U.S. parklands in the Virgin Islands. S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 338 (3d Cir. 2012). What distinguishes this case from S.R.P. and many other cases in this Circuit where the exception was found similarly applicable is that the events in those cases occurred on parkland maintained by the National Park Service, which has millions of acres of property to inspect and maintain. Such a large swathe of potential "defects" necessarily requires customary prioritization, the sort of discretion protected under this exception. See Menkin, 99 F.Supp.3d at 582-83 (reciting NPS cases in this Circuit).

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion to Dismiss will be denied without prejudice. An appropriate order follows.